FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

Corey Woodward
(Name)

1721 Alturas
(Address)

Wichita, Ks. 67216
(City & State)

'10   OCT 13   P12 :57

CLERK U.S. DISTRICT COURT
BY:
AT WICHITA, KS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Corey Woodward        )
    Plaintiff         )
                      )
    v.                )        Case No. 10-1353-SAC-KGS
                      )
John Bode, dba        )
BRG Precision Products )
    Defendant         )

# CIVIL COMPLAINT

**Pursuant to 42 U.S.C.S. 12101**
**Americans With Disabilities Act;**
**29 U.S.C.S. 794 and any other**
**applicable federal statute.**

## A. JURISDICTION

1)   a)              Plaintiff *Corey Woodward*, at the time the violations alleged in this complaint occurred was a citizen of *Kansas* and presently resides at *1421 Alturas, Wichita, Ks. 67216.*

2)   a)   Defendant John Bode is a citizen of *Kansas* and is employed as the *owner of BRG Precision Products* and is herein claimed to have violated the Americans With Disabilities Act by the wrongful termination of Plaintiff. Briefly explain:

On March 10, 2010 defendant called plaintiff into his office and proceeded to fire him in a threatening manner by ordering plaintiff off company property or face being arrested and/or calling the police to forcefully remove plaintiff. This was after defendant had learned via plaintiff's supervisor and the human resources representative that plaintiff suffers from a Bi-polar condition.

3)   Jurisdiction is invoked pursuant to 42 U.S.C.S. 12101; 28 U.S.C.S. 1651; 29 U.S.C.S. 794 and any other additional federal statutes as may be applicable to this matter.

## B. NATURE OF THE CASE

1)   The historical background of plaintiff's case is as follows:

*a)*   On Mar. 9, 2010 plaintiff was summoned to his supervisor, Kevin Wittorff's office. Also present was a representative from the Human Resources (HR) department. Plaintiff was questioned regarding some excessive absences from work. Plaintiff then informed his supervisor and the HR person that he suffers from a Bi-polar condition which at times depresses him to the point of having a difficult time awakening in the mornings and being able to get up. Mr. Wittorff and the HR person seemed okay with this explanation and plaintiff was allowed to return to work. Plaintiff had worked at BRG Precision Products nearly a year, had been qualified on his particular job and made a permanent employee thereof.

*b)*   The following day, Mar. 10, plaintiff was called into the owner, John Bode's office. Present also was his supervisor, Kevin Wittorff and the HR person. Mr Bode immediately ordered plaintiff off his property or he stated he would call the police and have plaintiff arrested and/or forcefully removed.

*c)*   Plaintiff attempted to ask Mr. Bode why he was being asked to leave (fired). Mr. Bode refused to respond to this question; but merely again told plaintiff to leave or he (Mr. Bode) would call the police. (See attached Kansas Dept. of Labor Statement.)

1

*d)* Plaintiff left without further explanations from Mr. Bode, the employer and any further confrontation with him. Plaintiff has since filed for disability and also lodged a complaint with the Equal Employment Opportunity Commission (EEOC). It is under their, EEOC, authorization this lawsuit is filed.

## C. CAUSE OF ACTION

1) I allege that the following rights, privileges or immunities have been violated and that the following facts form the basis for my allegations:

A)(1) Ground I: Wrongful Termination

(2) Supporting facts:

*[1]* Plaintiff was terminated strictly because of his disabilities associated with his Bi-polar condition which violated the Americans With Disabilities Act

B)(1) Ground II: Discrimination in employment due to disability.

(2) Supporting facts:

*[1]* Plaintiff was discriminated against because his employer would not work with him to provide reasonable accommodations to be able to continue working at the job he had been qualified to perform with the company.

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action? [ ] Yes [x] No. If your answer is "Yes", describe each lawsuit.

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C.
[x] Yes [ ] No
If your answer is "Yes", briefly describe how relief was sought and the results.
If your answer is "No", briefly explain why administrative relief was not sought:
Complaints filed with the Kansas Department of Labor and the EEOC.
(Documentation attached) **Permission was obtained from the EEOC to file this lawsuit.**

## E. REQUEST FOR RELIEF

1) I believe I am entitled to the following relief:

*a)* Plaintiff asks for punitive damages from John Bode dba BRG Precision

Products of any amount deemed fair and just.

*b)* Plaintiff would also ask for actual damages equivalent to at least 5 years

salary at his last rate of pay or the amount of $150,000.00 whichever amount is

deemed just and fair.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter, a
jury trial is required.

## Declaration Under Penalty Of Perjury

The undersigned declares (or certifies, verifies or states) under penalty of
perjury that he is the plaintiff(s) in the above action, that he has read the above
complaint and that the information contained therein is true and correct. 28
U.S.C 1746. 18 U.S.C. 1621.

Executed at ___Wichita, Ks___ on ___10 - 13___, 20 10.
(Location)                                   (Date)

___Corey Woodward___
Corey Woodward

3

## MEMORANDUM IN SUPPORT OF CIVIL COMPLAINT

### I. JURISDICTION

#### A. Federal Court

[1]    Federal jurisdiction of this matter is pursuant to the EEOC mandate authorizing

a lawsuit pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C.S. 12101.

Also any other federal statute which may be applicable in and through 28 U.S.C.S.

1651. BRG Precision Products falls under federal jurisdiction and the ADA by virtue of

29 U.S.C.S. 794 as BRG does receive federally funded contracts from various agencies

and entities of the United States Government.

### II. CAUSE OF ACTION

#### A. Issues

[1] Wrongful Termination due to mental disability.

[2]    Discrimination due to mental disability and failure to reasonably
accommodation for such disability.

### III. ARGUMENTS AND AUTHORITIES

#### A.  Wrongful Termination Due To Mental Disability

[1]    Under 42 U.S.C.S. 12101(a)(1) and Kansas law, K.S.A. 44-1001, a person is not

to be denied the right to fully participate in all aspects of society simply because he

has a physical or mental disability.  One such aspect of society is that of employment,

42 U.S.C.S. 12101(a)(3).

[2]    Plaintiff notified his supervisor and human resources (HR) representative at

BRG Precision Products on 3/9/10 that he suffers from a Bi-polar condition.  That this

condition sometimes makes it difficult for plaintiff to wake up in the mornings and

function in any meaning manner. This was to explain why plaintiff had missed  several

4

days work. Plaintiff's supervisor and the HR seemed satisfied with this answer and plaintiff was allowed to return to his work station and resume his duties.

[3] Plaintiff's Bi-polar condition on some days causes lows or depression to where normal daily activity is impaired but not entirely prohibited. Major life activities are therefore not substantially affected or limited to the point requiring institutionalization or hospitalization. The only real problem during these periods of depression is that plaintiff is not socially amenable towards others; but definitely not a danger to either himself or anyone else. This condition should qualify as a mental disability under 42 U.S.C.S. 12102 and also K.S.A. 44-1001.

[4] This condition has/is been/being treated by Dr. Richard Egelhof, Northwest Family Physicians, 3730 N. Ridge Rd., Suite 100; Dr. Ranjit Ram, Prairieview West, 7570 W. 21st St. North, Suite 1026-D; and therapist Bob Burns, Patricia Harris & Betty Alley Hodnett, COMCARE of Sedgwick County, 1919 N. Amidion, Suite 130 all of Wichita, Kansas. Both Dr. Ram and Bob Burns have prescribed medication for plaintiff's Bi-polar condition. These medical/mental health professionals can attest that plaintiff's condition is not completely debilitating; but merely limiting at times as to daily functions. This fact should more than satisfy the federal requirements for being disabled, Kinchion v. Cessna Aircraft Co., 504 F. Supp. 2d 1137 (D. Kan. 2007):

"The United States Court of Appeals for the Tenth Circuit has found three ways under 42 U.S.C.S. 12102(2)(c) in which an individual may be regarded as disabled: (1) the individual has a physical or mental impairment that does not substantially limit major life activities but is treated as constituting such limitations; (2) the individual has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others towards such impairments; or (3) the individual has none of the impairments defined in 29 C.F.R. 1630.2(h)(1) and (2) but is treated as having substantial limiting impairments."

[5] John Bode and BRG Precision Products should both be liable and suable in this matter, Moor v. County of Alamedo, 411 U.S. 693 (1973):

"Under 28 U.S.C.S. 1332(c), a corporation is also a citizen of the state where it has it's principal place of business."

5

Mr. Bode, dba BRG Precision Products called plaintiff into his office on 3/10/10 and told plaintiff to leave his company's property immediately or he would call the police and have plaintiff arrested and forcibly removed.  When plaintiff attempted to ask why Mr. Bode was doing this, Mr. Bode merely repeated his demand.  Plaintiff's only knowledgeable reason why Mr. Bode was acting in such a manner and threatening plaintiff was because of the previous day's encounter with his supervisor and HR person when he had informed them of his Bi-polar condition.  This could have been the only possible reason for Mr. Bode's violently terminating plaintiff's employment.  This explanation seems plausible for the following reasoning:

a. If Mr. Bode was firing plaintiff only because he had missed a few days work and as an attendance matter, why was Mr. Bode so forceful and threatening towards plaintiff wanting the police to forcefully remove plaintiff from the company property?

b. It seems logical, for the above reasoning, that perhaps Mr. Bode was fearful of plaintiff and thought plaintiff might be "dangerous" due to his Bi-polar condition, which is without support when plaintiff had never in all the period of his employment exhibited any behavior that would give rise to this assumption.

## B. Discrimination due to mental disability and failure to reasonably accommodation for such disability.

[1]     Mr. Bode did not offer any alternative to termination of plaintiff's employment and did thereby discriminate by not providing reasonable accommodations for plaintiff to continue his employment with BRG.  Plaintiff was well qualified to do the job which he was on.  He had passed the 90 day period required to prove his ability to perform the tasks assigned him, had been given a merit raise and was considered a full time employee.  At no time during the period prior to his termination was any complaint lodged against plaintiff that he was not performing satisfactorily.

[2]     29 C.F.R. 1630.2(o)(2)(ii) and (3) as well as 42 U.S.C.S. 12112(b)(5) requires em-

ployers to restructure jobs as far as work schedules being modified to allow qualified

employees to continue working as far as accommodating their disabilities.

[3]     The foregoing regulations and federal statutes would seem to make it necessary

for employers to hold informal interacting processes with qualified workers to

determine  the employer's and employee's needs and arrive at reasonable amenable

solutions to accommodate both parties, Bartee v. Michelin N. Am., Inc., 374 F.3d 906

(10th Cir. 2004):

> "An employer has a duty under the Americans With Disabilities Act to allow
> an employee to work if, through reasonable accommodations, he could fulfill
> the essential functions of the position, 43 U.S.C.S. 12112(b)(5).  To facilitate
> the reasonable accommodation, the federal regulations implementing the
> ADA envision an interactive process that requires participation by both
> parties."

[4]     Therefore, employers should do everything possible to make reasonable

accommodations as defined in Roberts v. Progressive Independence, Inc., 183 F.3d

1215 (10th Cir. 1999):

> "'Reasonable accommodations' are those accommodations which presently,
> or in the near future, enable the employee to perform the essential functions
> of his job."

instead of merely terminating employment as Mr. Bode did and in a threatening

manner by ordering plaintiff off the company property or have him arrested and

forcefully removed.

## IV.  RELIEF

### A. Punitive Damages

Bartee v. Michelin N. Am., Inc., 374 F.3d 906 (10th Cir. 2004):

> "A plaintiff asserting a claim under the Americans With Disabilities Act, 42
> U.S.C.S. 12101, may seek punitive damages if his employer acted with malice
> or with reckless indifference to the plaintiff's federally protected rights."

THEREFORE, Plaintiff asks for punitive damages from John Bode dba BRG Precision

7

Products of any amount deemed fair and just.

## B. Actual Damages

Plaintiff would also ask for actual damages equivalent to at least 5 years salary at his last rate of pay or the minimum amount of $150,000.00 whichever is deemed just and fair for the fact that plaintiff was consequently without employment after being terminated and has been unable to find suitable employment at the same rate at which he was accustomed to earning while at BRG Precision Products.

Plaintiff, Corey Woodward, does hereby swear under the penalties of perjury that the foregoing Memorandum is true and correct to the best of his knowledge.

Done this __13__ day of __October__, 20_10_.

Corey Woodward
1421 Alturas
Wichita, Ks. 67216

8

KANSAS DEPARTMENT OF LABOR
**www.GetKansasBenefits.com**

Page 1 of 2

# CLAIMANT'S SEPARATION STATEMENT

K-BEN 3110 (Rev. 12-09)

**IMPORTANT!** Read the instructions on the back before completing this form. This form must be received in the Contact Center on or before the date of your scheduled call. The information you provide will be used to determine if you are eligible to receive benefits. **Failure to provide all of the requested information on this form could delay your claim.**

For Office Use Only:

**PLEASE PRINT:**

Name (first, middle, last) _Corey W Woodward_   Social Security Number ███████ 7218

Address (street, city, state, zip) _1421 Alturas  Wichita, Ks 67216_

Reason for Separation: ☒ Discharged  ☐ Quit  ☐ Leave of Absence  ☐ Labor Dispute  ☐ Laid Off/Lack of Work

If Leave of Absence: Begin date (month/day/year): _____   Return to work date (month/day/year): _____

Date you began work (month/day/year): _4 / 20 / 2009_   Last day worked (month/day/year): _3 /10 /2010_

Name the employer you were most recently separated from for reasons other than lack of work:

Name _BRG Precision_   Phone Number ( _316_ ) _788-2000_

What was your position/job title? _Assembler_

Explain in detail the final incident/event that caused you to be discharged or, if you quit, the final incident/event that caused you to quit your job. If more space is needed, attach additional sheets and any supporting documents you have. The instructions on the back of this form will help you to provide complete and accurate information.

_On 3-09-10 I was called into the office by my supervisor Kevin Winorff to discuss a matter. Once in his office Julie the HR rep was already there. We discussed the excessive absences I had. I explained that I was diagnosed with Bi Polar disorder and was battling this. I told them I was in therapy and taking meds and that some days it was impossible to leave my bed. They understood and we reached an agreement. The following day on 3-10-10 I was pulled into the owners office. Kevin, Julie and John Bode were present. I was immediatly attacked verbally by the owner. John Bode said that I needed to get off his property or I would be arrested. I acked what I did wrong and the response was that I just need to leave immediatly. I belive I was discharged for an unknown reason and was discriminated against due to my Mental disorder. I was not provided with an approate answer and was not treated in a professional manner by John Bode._

**CLAIMANT'S CERTIFICATION:** I certify the information on this form is true and correct to the best of my knowledge. I understand the law provides penalties for making false statements or withholding information in order to obtain benefits not otherwise due. I acknowledge that I have read the instructions provided on the back of this form.

_Corey W Woodward_   ( _316_ ) _312-9458_   _3-12-2010_
Claimant's Signature   Phone   Date

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 563-2010-01958 |

| Kansas Human Rights Commission | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Corey W. Woodward | (316) 312-9458 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1421 Alturas, Wichita, KS 67216 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BRG PRECISION PRODUCTS | Unknown | (316) 788-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 600 N. River St.,  Derby, KS 67037 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-10-2010   Latest: 03-10-2010
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by BRG Precision Products on or about April 20, 2009 where I have worked as an assembler until I was terminated on March 10, 2010.

On March 10, 2010, I was called into the office of the owner. I was attacked verbally by the owner who said that I need to get off his property or I would be arrested.

I believe that I was terminated because of my disability in violation of Title 1 of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 9-20-2010  X Corey W Woodward   Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 161 (11/09)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Corey W. Woodward<br>1421 Alturas<br>Wichita, KS 67216 | From: | Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue<br>Kansas City, KS 66101 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2010-01958 | Lynus Becker,<br>Investigator | (913) 551-6642 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Billie I. Ashton,**
Director

09-28-10

(Date Mailed)

cc:     **BRG PRECISION PRODUCTS**
        600 N. River St.
        Derby, KS 67037